GEORGE BURKE, an Infant over the Age of Fourteen Years, by IRVING W. TELLER, His Guardian ad Litem, Appellant, v. EARL BARKER, Respondent.

Fourth Department, October 10, 1930.

*Ehle & James* [*Harry W. Ehle* of counsel], for the appellant.

*McCurn & Farnham* [*Francis D. McCurn* of counsel], for the respondent.

PER CURIAM. In view of the location and surroundings of the gasoline filling station from which the defendant was emerging onto the highway at the time of this accident, and in view of all the facts shown by the evidence relating to the collision, we think that the failure of the trial judge to charge the " extreme caution " provision of subdivision 11 of section 81 of the Vehicle and Traffic Law, as it existed at the time of this accident, November 2, 1929,

as was requested by the appellant, did not constitute reversible error.

The finding of the jury that the accident did not occur solely by reason of defendant's failure to use such care as is required of him under the circumstances, but was brought about partially, at least, because of plaintiff's contributory negligence, is amply sustained by the evidence.

On the record before us we think that the jury was justified in finding a verdict for the defendant. The exceptions in the case do not, in our opinion, warrant the reversal of the judgment appealed from.

The judgment and order appealed from should be affirmed, with costs.

All concur, except SEARS, P. J., who dissents and votes for reversal on the law on the ground that reversible error occurred in the refusal of the learned trial court to charge the appellant's request that in emerging from the driveway of the gasoline station the defendant owed a duty of extreme caution. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment and order affirmed, with costs.